UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES C. SITTS,

                          Plaintiff,

v.                                                      3:20-CV-1583
                                                                   (LEK/ML)
OTSEGO COUNTY COURT,

                          Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

JAMES C. SITTS
  Plaintiff, *Pro Se*
Delaware County Correctional Facility
280 Phoebe Lane, Suite 6
Delhi, New York 13753

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

**I.  INTRODUCTION**

       The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by James C. Sitts ("Plaintiff") to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint be dismissed in its entirety without leave to amend.

## II.     BACKGROUND

Construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by the Otsego County Court ("Defendant"). (*See generally* Dkt. No. 1 [Compl.].)

More specifically, Plaintiff alleges that on December 8, 2018, he was arrested and charged with two counts of grand larceny in the third degree, arraigned in the Town of Oneonta Court, and remanded to Otsego County Correctional Facility without bail. (*Id*. at 4.) Plaintiff alleges that on July 24, 2019, he was indicted and on August 2, 2019, he was arraigned on the indictment charging him with the following three New York State criminal offenses: (1) two counts of burglary in the second degree, (2) one count of grand larceny in the third degree, and (3) three counts of grand larceny in the fourth degree. (*Id*. at 4.)

Plaintiff alleges that any statement of readiness for trial by the People was illusory because the "only evidence provided [to the grand jury] was perjured testimony . . . [and] all DNA and fingerprint results were not yet returned." (*Id*. at 4-5.)

Plaintiff alleges that on September 30, 2019, his criminal defense attorney at the time filed an omnibus motion on his behalf, which contained a request that the case be dismissed on speedy trial grounds. (*Id*. at 6.) Plaintiff alleges that on October 22, 2019, the District Attorney, John Muehl, filed an affidavit in opposition to the omnibus motion, containing a case history report from the Oneonta Town Court, which stated that all adjournments were consented to by the People and Plaintiff's attorney. (*Id*.) Plaintiff further alleges that on October 25, 2020, his criminal defense attorney filed a reply affidavit containing the "real Oneonta Town Court history report . . . [which] stated that all adjournments [the] People requested." (*Id*.) Plaintiff alleges

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

that on January 8, 2020, Judge Brian Burns denied Plaintiff's speedy trial motion finding that certain time was excludable from the speedy trial calculation. (*Id*.)

Plaintiff alleges that on August 28, 2020, he began representing himself in the criminal action and "immediately filed another speedy trial motion" because the new discovery statute "put the People in a pre[-]readiness state again until a certificate of compliance was filed." (*Id*. at 7.) Plaintiff alleges that on September 21, 2020, his motion was denied because Judge Brian Burns ruled that the newly enacted discovery statute was not retroactive. (*Id*.)

Plaintiff alleges that on September 21, 2020, he filed another speedy trial motion citing twenty-four cases in support "along with the 14th Amendment of equal protection of laws." (*Id*. at 5, 7.) Plaintiff alleges that on October 9, 2020, his motion was denied again. (*Id*. at 5, 7.)

Plaintiff alleges that on December 4, 2020, he filed a motion seeking dismissal pursuant to N.Y. Crim. P. Law § 210.35 based on a defective indictment and grand jury proceeding. (*Id*. at 7.) Plaintiff alleges that as of the date of his Complaint, he had not received a ruling on his motion. (*Id*.) In addition, Plaintiff alleges that the District Attorney has still failed to comply with the new discovery statute. (*Id*.)

Based on these factual allegations, Plaintiff asserts the following three claims against Defendant: (1) a claim that his right to a speedy trial was violated, pursuant to the Sixth Amendment and 42 U.S.C. § 1983; (2) a claim that his right to due process was violated, pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (3) a claim that he was maliciously prosecuted, pursuant to the Fourth Amendment and 42 U.S.C. § 1983. (*Id*. at 9.) For relief, Plaintiff seeks "all counts of indictment . . . to be dismissed," $400,000.00 in damages, "and to be released." (*Id.*)

**III.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 2), and which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization required in the Northern District. (Dkt. No. 3.)

Accordingly, Plaintiff's application to proceed with this action IFP is granted.

**IV.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). Section 1915(e) of Title 28 of the United States Code directs

---

[2]     Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

**V.    ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

42 U.S.C. § 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; *accord Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'"  *Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)).

Plaintiff's claims against Defendant are not plausible because Defendant is an entity that does not have an independent legal identity.  *See Adames v. Cnty. of Suffolk Court*, 18-CV-4069, 2019 WL 2107261, at *2 (E.D.N.Y. May 14, 2019) ("Plaintiff's Section 1983 claims against the Jail, the County Court, and DA's Office are not plausible because none of these entities have independent legal identities.").

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); *see Trahan v. Suffolk Cnty. Corr. Fac.*, 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."); *see also Gollomp v. Spitzer*, 568 F.3d 355, 366-67 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is."); *Woodward v. Office of Dist. Atty.*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("[T]he District Attorney's Office is not a suable entity[.]").  As a result, Plaintiff's Section 1983 claims against Defendant are not plausible and I recommend that they be dismissed without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 28 U.S.C. § 1915A(b).

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against New York State, and finds that he has not.

New York State is immune from suits pursuant to 42 U.S.C. § 1983 seeking either legal or equitable relief, under the Eleventh Amendment. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984); *see Ognibene v. Niagara Cnty. Sheriff's Dep't*, 03-CV-0678E, 2003 WL 2443989, at *3 (W.D.N.Y. Dec. 1, 2003) ("To the extent the plaintiff names various state courts as defendants and seeks either legal or equitable relief against them under § 1983, they are immune from such suit under the Eleventh Amendment."). As an agency or arm of the State of New York, the court is immune from suit under the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also Mercado v. Town of Goshen*, 20-CV-5399, 2020 WL 5210949, at *3 (S.D.N.Y. Aug. 28, 2020) ("Plaintiff sues the 'Orange County Court,' which is part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's § 1983 claims against this Defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous."); *Curto v. Palisades Collection, LLC*, 07-CV-529S, 2008 WL 11357852, at *4 (W.D.N.Y. Mar. 10, 2008) (dismissing the plaintiff's claims against the "New York State Unified Court System, 8th Judicial District Buffalo City Court" as barred by the Eleventh Amendment); *Saint-Fleur v. City of New York,* 99-CV-10433, 2000 WL 280328, *2 (S.D.N.Y., Mar. 14, 2000) (collecting cases) ("State courts, as arms of the State, are entitled to Eleventh Amendment immunity from suit in federal court."); *Fields v. Walthers,* 94-CV-1659, 1997 WL 204308 at *2 (N.D.N.Y. April 5, 1997) (Pooler, J.) ("For Eleventh Amendment purposes,

governmental entities of the state that are considered 'arms of the state' receive Eleventh Amendment immunity.").

As a result, I recommend that Plaintiff's claims against Defendant be dismissed.[4]

Moreover, in the alternative, "[u]nder the U.S. Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should generally abstain from interfering with state criminal proceedings." *Saunders v. Flanahan*, 62 F. Supp. 2d 629, 632 (D. Conn. 1999) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v. Mackell*, 401 U.S. 66 (1971)).

The Second Circuit previously set forth a three-part test for determining whether the district court should abstain: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff may raise the constitutional claims in the state court. *Christ the King Regional High School v. Culvert*, 815 F.2d 219, 224 (2d Cir. 1987); *accord Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997); *Hansel v. Town Court for Town of Springfield, New York,* 56 F.3d 391, 393 (2d Cir. 1995).

However, in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach. It clarified that *Younger* abstention is triggered only by three categories of state court proceedings: (1) 'state criminal prosecutions'; (2) 'civil enforcement proceedings'; and (3) civil proceedings that 'implicate a

---

[4] The Court also notes that Plaintiff's claim for malicious prosecution seeking damages is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "[a] claim for damages [that would necessarily imply the invalidity of a plaintiff's state court] conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *See Giles v. Fitzgerald*, 20-CV-0980, 2020 WL 6287459, at *4 (N.D.N.Y. Oct. 27, 2020) (Lovric, M.J.) (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019) (recommending dismissal of the plaintiff's malicious prosecution claim because such a claim only accrues after the plaintiff prevailed in the underlying criminal proceeding).

9

State's interest in enforcing the orders and judgments of its courts.'" *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) (citing *Sprint Commc'ns, Inc.*, 571 U.S. at 588, 591-94).

Here, Plaintiff seeks injunctive and declaratory relief relating to his on-going state court criminal prosecution. (Dkt. No. 1 at 7, 9.) Thus, pursuant to the Supreme Court's categorical approach, I recommend that the Court abstain under the *Younger* abstention doctrine. *See Mercado*, 2020 WL 5210949, at *5 (citing *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 428 (2d Cir. 2015)) ("Plaintiff's request that this Court intervene in his state-court proceedings implicates how the state court manages its proceedings. *Younger* abstention therefore applies and this Court will not intervene in those proceedings."); *Henderson v. Fludd*, 19-CV-2675, 2019 WL 4306376, at *3 (E.D.N.Y. Sept. 11, 2019) (dismissing the claims "insofar as plaintiff seeks injunctive relief relating to his on-going state court criminal prosecution."); *Williams v. Spota*, 15-CV-5468, 2016 WL 8711205, at *2 (E.D.N.Y. Apr. 15, 2016) ("Plaintiff seeks injunctive relief concerning the location of his on-going criminal prosecution. As is readily apparent under the Supreme Court's categorical approach, this Court must abstain under the *Younger* abstention doctrine."); *Hudson v. Camacho*, 15-CV-7313, 2016 WL 1248816, at *2-3 (E.D.N.Y. Mar. 23, 2016) (dismissing the plaintiff's claims pursuant to the *Younger* abstention doctrine where the plaintiff sought exclusively injunctive relief relating to his on-going state court criminal prosecution); *Powell v. State of New York*, 15-CV-3733, 2015 WL 7756108, at *5 (E.D.N.Y. Nov. 30, 2015) ("To the extent Plaintiff is seeking this Court's intervention in an ongoing criminal proceeding, the Court is required to abstain under *Younger*.")

However, "[u]nlike claims for declaratory and injunctive relief, the Second Circuit has held that claims for monetary damages should not be dismissed under *Younger* abstention.

10

*Henderson*, 2019 WL 4306376, at *3 (citing *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000)). Nonetheless, where the "plaintiff's claims are closely intertwined with the on-going criminal case, prosecution of such claims in this Court at this juncture would be premature." *Id*. As a result, in the alternative, I recommend that Plaintiff's claims for damages be stayed pending the conclusion of the underlying criminal case. *Id*.

## VI. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

---

[5] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

The defects in Plaintiff's claims against Defendant are substantive and would not be cured if afforded an opportunity to amend. As a result, I recommend that the Complaint be dismissed without leave to amend. *Mercado*, 2020 WL 5210949, at *5 (finding that "[b]ecause the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint" where the plaintiff asserted claims against the "Orange County Court" which is part of the New York State Unified Court System); *Adames*, 2019 WL 2107261, at *4 (dismissing without leave to amend claims against the County of Suffolk Court because "the defects in Plaintiff's claims . . . are substantive and would not be cured if afforded an opportunity amend.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(b) because it seeks monetary relief against Defendant who is immune from such relief and fails to state a claim; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in

accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: January  13, 2021
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[6]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).